```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                    :
JANINE LARIE MURPHY,                :
                                    :    CASE NO. 1:10-CV-512
        Plaintiff,                  :
                                    :
    v.                              :    OPINION & ORDER
                                    :    [Resolving Doc. Nos. 1 and 19.]
MICHAEL J. ASTRUE,                  :
COMMISSIONER OF SOCIAL              :
SECURITY,                           :
                                    :
        Defendant.                  :
                                    :
------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Magistrate Judge George J. Limbert recommended that this Court affirm the Social Security Commissioner's denial of Supplemental Security Income benefits to Plaintiff Janine Larie Murphy. [Doc. 16.] For the reasons set forth below, the Court **ADOPTS** the recommendations of the Magistrate Judge and **AFFIRMS** the Commissioner's denial of benefits to Murphy.

**I. Background**

Plaintiff Murphy brought this action after an Administrative Law Judge ("ALJ") denied her application for Supplemental Security Income benefits. [Doc. 11-2 at 13-20.] The Plaintiff challenges the ALJ's determination that her testimony concerning the severity of her limitations and the allegedly debilitating side effects of her prescription medications was not credible. [Doc. 12.]

On May 30, 2006, Plaintiff Murphy applied for supplemental security income benefits, alleging disability due to chronic foot, back and hip pain, type 2 diabetes, a skin disorder, infections

Case No. 1:10-CV-512
Gwin, J.

under her arms, chest pains, and wrist pain. [Doc. 11-6 at 2.] On July 30, 2006, the SSA determined that her condition was not severe enough to keep her from working and denied her application. [Doc. 11-5 at 2-4.] Plaintiff Murphy filed a Request for Reconsideration on September 12, 2006, [Doc. 11-5 at 5], which was denied on February 27, 2007, after an independent review of the medical evidence by a physician and disability examiner. [Doc. 11-5, at 6.]

Through counsel, on April 25, 2007 the Plaintiff filed a request for hearing before an ALJ. [Doc. 11-5 at 9.] At a hearing on March 2, 2009, the ALJ received testimony from the Plaintiff, Dr. Frank Cox, the medical expert, and Ted Macy, a vocational expert. [Doc. 11-3 at 4.] The medical expert testified that Plaintiff's medical conditions limited her residual functional capacity ("RFC") to light work with reasonably limited time on her feet and occasional stair climbing but no ladders, ropes or scaffolds. [Doc. 11-3 at 16-23.] However, the medical expert determined that the Plaintiff's conditions did not satisfy the listed impairments under 20 C.F.R. Part 404, Subpart P, Appendix 1, and that the side effects of her medicines did not affect her RFC. [Doc. 11-3 at 16-23.] The vocational expert testified that a hypothetical person with the RFC described by the medical could perform sedentary work. [Doc. 11-3 at 23-39.]

On July 1, 2009, the ALJ issued an unfavorable decision, finding that Plaintiff Murphy was not disabled within the meaning of the Social Security Act. [Doc. 11-2 at 13-20.] The ALJ found that though the Plaintiff credibly claimed symptoms relating to some of her medical conditions, she overstated their severity and was not credible in alleging incapacity for all sustained work activity. [Doc. 11-2 at 18.] Finding no medical evidence that the Plaintiff experienced side effects from prescription medication that would affect her ability to perform work within the limitations of her RFC, the ALJ found her testimony concerning the allegedly disabling side effects of prescribed

Case No. 1:10-CV-512
Gwin, J.

medicines not credible. *Id*. The ALJ fully credited the medical expert's testimony regarding the Plaintiff's limitations, and determined that though the Plaintiff could not perform her past relevant work, she retained the RFC to perform work in sedentary jobs existing in significant numbers in the national economy. [Doc. 11-2 at 18-20.]

The Plaintiff requested review by the Appeals Council on August 27, 2009, challenging the ALJ's credibility determinations. She argued that the her impairments left her unable to perform even sedentary work and that side effects of prescribed medications "support[ed]" her allegations of "debilitating side effects." [Doc. 11-2, at 7-9.] On February 26, 2010, the Appeals Council denied the Plaintiff's request for review. [Doc. 11-2 at 2.]

The Plaintiff filed the current action on March 10, 2010, [Doc. 1], and the matter was referred to Magistrate Judge George J. Limbert. [Doc. 14.] Magistrate Judge Limbert issued a detailed Report and Recommendation on June 21, 2011. [Doc. 16.] Reviewing treatment notes from the Plaintiff's treating and examining physicians, hearing testimony, and the Plaintiff's own testimony, the Magistrate Judge found the ALJ's decision supported by substantial evidence and recommended that this Court affirm it. *Id*. In particular, the Magistrate Judge found the ALJ's credibility assessments supported by evidence in the record, finding no objective evidence to confirm the Plaintiff's complaints of debilitating drowsiness, *id*. at 8, and finding proper basis for crediting the impartial medial expert's testimony that the Plaintiff could perform light work within certain limitations, and that her prescription medication did not impose any additional limitations. *Id*. at 9-11.

On July 19, 2011, the Plaintiff filed her objection to the Report and Recommendation, saying that (1) the ALJ improperly credited the testimony of the impartial medical expert, Dr. Cox,

Case No. 1:10-CV-512
Gwin, J.

concerning the side effects of her prescription medications, and (2) that the ALJ's adverse credibility assessment of the Plaintiff's testimony concerning the severity of her impairments was not supported by substantial evidence. [Doc. 19.] On August 1, 2011, the government responded, arguing that the ALJ's credibility determinations were amply supported by substantial evidence, including direct testimony from the medical expert and the absence of medical evidence corroborating the Plaintiff's subjective complaints of debilitating fatigue caused by her prescription medications. [Doc. 20.]

## II. Legal Standards

*II.A    Standard for Establishing Disability*

To establish disability under the Social Security Act, a claimant must show that he is unable to engage in substantial activity due to the existence of "a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months." *See* 42 U.S.C. §§ 423(d)(1)(A), 1382(c)(a)(3)(A). The claimant's impairment must prevent him from doing his previous work, as well as any other work existing in significant numbers in the national economy. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382(c)(a)(3)(A).

To determine whether a claimant is disabled, Agency regulations provide a five-step sequential evaluation. If a claimant can be found disabled at any step of the sequential evaluation, the review ends. 20 C.F.R. § 404.1520(a); *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). During Step One, the ALJ determines whether the claimant is engaged in a "substantial gainful activity" at the time he or she seeks disability benefits. *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). In Step Two, the Plaintiff must show that he or she "suffers from a severe impairment in order to warrant a finding of disability." *Id.* (internal quotations omitted).

Case No. 1:10-CV-512
Gwin, J.

During Step Three of the analysis, the ALJ determines whether the claimant has an impairment that satisfies one of the criteria of an impairment listed in Appendix 1 and that also meets the durational requirement. *See* 20 C.F.R. § Part 404, Subpart P, Appendix 1. A claimant is deemed disabled if she or he has an impairment that meets both the listing and the duration requirement. For the Fourth Step, the ALJ must determine if the claimant's residual functional capacity allows him to do past relevant work. *Colvin*, 475 F.3d at 740. Finally, in the Fifth Step, the ALJ must determine whether the claimant is able to do any other work considering his residual functional capacity, age, education, and work experience. *Id.* "For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled." *Id.*

*II.B.     Standard of Review*

The Federal Magistrates Act requires a district court to conduct *de novo* review of the claimant's objections to a report and recommendation. 28 U.S.C. § 636(b)(1). A final decision of the Social Security Commissioner made by an ALJ is, however, not reviewed *de novo*. Rather, a district court is limited to examining the entire administrative record to determine whether the ALJ's decision is "supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

Substantial evidence is evidence that a "reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The substantial evidence standard requires more than a scintilla, but less than a preponderance of the evidence. *See id*. In deciding whether substantial evidence supports the ALJ's decision, a court should not try to resolve conflicts in evidence or decide questions of credibility. *Bass v. McMahon,*

Case No. 1:10-CV-512
Gwin, J.

499 F.3d 506, 509 (6th Cir. 2007). Nor should a district court focus, or base its decision, on a single piece of evidence. Instead, a court must consider the record taken as a whole. *See Allen v. Califano*, 613 F.2d 139, 147 (6th Cir. 1980). The district court may, however, look into any evidence in the record, regardless of whether it has been cited by the ALJ. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

When substantial evidence supports the ALJ's decision, a court may not reverse, even if the court would have made a decision different than the ALJ made. *Siterlet v. Sec. of Health and Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). This Court may not review "the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Since the ALJ has the opportunity to observe the claimant in person, a court reviewing the ALJ's conclusion about a claimant's credibility should accord great deference to that determination. *Casey v. Sec. of Heath and Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993). Generally, an ALJ's credibility assessment can be disturbed only for a "compelling reason." *Sims v. Comm'r of Soc. Sec.*, No. 09-5773, 406 Fed. Appx. 977, 2011 WL 180789, at *4 (6th Cir. Jan. 19, 2011) (citing *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001); *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). However, "an ALJ's assessment of a claimant's credibility must be supported by substantial evidence." *Walters v. Comm'r of Soc. Sec*, 127 F.3d 525, 530 (6th Cir. 1997). Even if substantial evidence exists in the record that would have supported an opposite conclusion, this Court cannot reverse the decision of an ALJ as long as substantial evidence exists which supports the ALJ's conclusion. *Buxton v. Halter*, 246 F.3d 762, 772-73 (6th Cir. 2001); *Warner*, 375 F.3d at 390.

Case No. 1:10-CV-512
Gwin, J.

### III. Analysis

The Plaintiff objects to the ALJ's credibility assessments. Specifically, she challenges the ALJ's decision not to credit her testimony regarding the severity of her alleged symptoms, and to fully credit the medical expert's testimony concerning the side effects of her prescription medications. [Doc. 19 at 2-3.] The Court examines each objection in turn.

*III.A. The Plaintiff's Credibility*

Plaintiff Murphy objects to the ALJ's determination that her testimony regarding the allegedly disabling side effects of her prescribed medication was not credible. The Plaintiff testified that she experienced debilitating side effects from medications that had been prescribed for hip and back pain. [Doc. 11-3 at 9-11.] She testified that if she takes all of her medications as prescribed, "I'm never awake and I'm never up." [Doc. 11-3 at 10-11.] The ALJ determined that her testimony was not credible, finding that no medical evidence supported a finding that the Plaintiff's use of those medications would interfere with her ability to perform sedentary work within the limits of her residual functional capacity. [Doc. 11-2 at 18.]

"[A]n ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003). "[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters*, 127 F.3d at 531. "Nevertheless, an ALJ's assessment of a claimant's credibility must be supported by substantial evidence." *Id.*

Substantial evidence in the record supports the ALJ's adverse credibility assessment. The

Case No. 1:10-CV-512
Gwin, J.

medical expert, Dr. Cox, testified specifically that the Plaintiff's prescriptions would have no additional effect on the her RFC beyond the mobility limitations imposed by her foot conditions. [Doc 11-3 at 23.] The ALJ considered the opinions and observations from the Plaintiff's treating and examining physicians, none of whom identified sleepiness as a side effect of her prescription medications. [Doc. 11-2, at 18.] "The absence of sufficient objective medical evidence makes credibility a particularly relevant issue," and reviewing courts "generally defer to the Commissioner's assessment when it is supported on an adequate basis." *Walters*, 127 F.3d at 531. Here, the Commissioner's assessment is supported by a lack of objective medical evidence and the direct adverse testimony of the medical expert.

The Plaintiff says that the credibility of her testimony is bolstered because she has alleged symptoms that are consistent with potential side effects of her medications. [Doc. 19 at 3.] Social Security Ruling 96-7p provides that "[i]n determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence . . . [and] statements and other information provided by treating or examining physicians . . . about the symptoms and how they affect the individual." SSR 96-7p, 1996 WL 374186, at *1. However, the only evidence to which Murphy directs the Court consists of two disability appeals forms–undated, but apparently completed in 2006 and 2007, reporting only one "side effect" in connection with one of her diabetes medications [Doc. 11-7 at 19, 34], and subjective reports of symptoms unconnected with any medication. *Id*. at 23; [Doc. 11-8 at 6, 7.] The Plaintiff has not produced any medical evidence demonstrating that she actually experienced debilitating side effects from her prescription medications.

The Plaintiff's brief, somewhat ambiguous testimony provides the only support in the record

Case No. 1:10-CV-512
Gwin, J.

for these alleged side effects. [Doc. 11-3 at 10-11.] The Plaintiff says that "[i]f I take all my medicines like I'm supposed to, every single day, I'm never awake and I'm never up," but then, when asked whether all of her pain medications cause these symptoms, testified that she only filled three of her five prescriptions. *Id* at 11. In any event, "[s]ubjective complaints of 'pain or other symptoms shall not alone be conclusive evidence of disability,'" *Buxton v. Halter*, 246 F.3d 762, 773 (quoting 42 U.S.C. § 423(d)(5)(A)), and the Plaintiff provides no authority that would justify affording irrefutable weight to a subjective complaint merely because it corresponds with uncorroborated, though medically possible, side effects.

Nonetheless, the Plaintiff urges the Court to overturn the ALJ's credibility determination because her alleged side effects are consistent with possible side effects of her prescribed medication. [Doc. 19, at 3.] That argument fails. Even if her allegations are not medically impossible in light of the potential side effects of her prescription medications, substantial evidence supports the ALJ's decision not to credit her testimony, including the medical expert's refusal to deem her wholly disabled by pain and drowsiness, [Doc. 11-3, at 16-23], and the lack of medical evidence to support her allegations of debilitating medical side effects. [Doc. 11-2, at 18.] "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton*, 246 F.3d at 773. The ALJ deemed the Plaintiff's testimony regarding the severity of her limitations not credible, and that finding is entitled to "great weight and deference." *Jones*, 336 F.3d at 476.

*III.B. The Medical Expert's Testimony*

In an attempt to rehabilitate her credibility, the Plaintiff says that the medical expert's testimony cannot be afforded full weight because he did not fully address the side effects of her

-9-

Case No. 1:10-CV-512
Gwin, J.

prescription medications. This argument misrepresents the record. After reviewing all of the treatment notes in the Plaintiff's file, the medical expert testified that the Plaintiff would be limited by her RFC to light work, and based on her mobility impairments would be unable to work in conditions requiring use of ladders, ropes, or scaffolding. [Doc. 11-3 at 20.] The medical expert acknowledged that at certain doses, pain medication affects functionality, *id.* at 22, but when counsel for the Plaintiff asked if the side effects of her pain medications would have any additional effect on her (already limited) RFC, he responded directly: "No, I don't think that. Well, I don't think, we wouldn't have her on ladders, scaffolds, near dangerous machinery." [Doc 11-3 at 23.] The Plaintiff was satisfied with that answer and did not ask any further questions. *Id.* The ALJ properly considered the medical expert's opinion that the Plaintiff could perform sedentary work within the limits of her RFC, despite her allegations of debilitating pain, and accepted his conclusion that her pain medications would impose no additional limitations.

The Plaintiff also says that the medical expert's testimony should not be afforded full weight because he doubted the medical basis for her complaints of debilitating pain. An ALJ is permitted to consider the opinion of a testifying medical expert regarding the nature and severity of a claimant's impairment. 20 CFR § 404.1527(f)(2). The medical expert testified in detail about the limitations on the Plaintiff's ability to work that he found were supported by the medical evidence, [Doc. 11-3, at 19-20], but doubted plaintiff's subjective complaints of disabling pain. [Doc. 11-3, at 22.] That a medical expert's testimony is not consistent with a Plaintiff's testimony does not make it incomplete, or render his expert opinion unpersuasive or unreliable. To the contrary, it is in those circumstances that the ALJ must be particularly attentive to a claimant's credibility. "Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical

-10-

Case No. 1:10-CV-512
Gwin, J.

reports, claimant's testimony, and other evidence." *Walters*, 127 F.3d at 531. Based on the medical expert's testimony, and a general lack of medical evidence supporting allegations of incapacitating symptoms, the ALJ was well within the "zone of choice" supported by the evidence in discounting the Plaintiff's credibility regarding the severity and limiting effect of her allegations. *See Buxton*, 246 F.3d at 773.

### IV. Conclusion

Because substantial evidence supports the ALJ's determination that despite her impairments, Plaintiff Murphy retains the residual functional capacity to perform sedentary work in the economy, the Court **ADOPTS** the recommendations of the Magistrate Judge and **AFFIRMS** the Commissioner's denial of benefits to Murphy.

IT IS SO ORDERED.


Dated: August 30, 2011                         s/      *James S. Gwin*
                                               JAMES S. GWIN
                                               UNITED STATES DISTRICT JUDGE